Rhode Island Hospital Trust Company, Trustee, et als.  
vs.      M. P. Nos. 1169, 1170, 1171, 1172. 1173.  
Providence County Court House Commission.  

March 12, 1931.

CAPOTOSTO, J. These petitions were brought to assess damages for land condemned by the Providence County Court House Commission. Under statutory power they were consolidated for purposes of trial with petitions of a ground lessee, who owned the building, and of two subtenants, who occupied the premises under leases for a term of years.

The jury awarded to all the parties interested in the property a total of $60,000, divided as follows: $43,000 to the land owners, $12,500 to the owner of the ground lease and building, and

$4,500 to the sub-tenants. The main-leaseholder and the sub-tenants have accepted the jury's finding. The land owners, however, maintain that the award to them was inadequate. Their contention is that the jury's award takes away at least $4,807 from the sum that should have been apportioned to the land owners and adds it to what the main lease-holder was really entitled to receive. In other words, the land owners claim that the award to the main lease-holder was excessive by at least $4,807 to the detriment of their respective interests.

It is needless to say that the controversy resulted in a battle of experts. Like every engagement it was preceded by a barrage calculated to carry the main objective. Shock forces and pivotal units were produced whenever it seemed advisable or expedient to skilful counsel in furtherance of his respective claim. Good reasons, bad reasons and no reasons at all held the field as the encounter progressed from day to day. Toward the end of the trial the mass of figures supporting or contradicting the claims made by the various conflicting interests seemed to grip at each other's throat for their very existence. Affirmations, denials, modifications, variations, qualifications, superlatives, and what not, followed each other in rapid succession. Those who were in accord on one proposition became bitter opponents on another. As the common interest varied, so the contending forces changed their method of attack or defense.

Out of this seemingly unintelligible mass came the verdict of the jury. It is to be commended for the service which it rendered. No case within the Court's experience offered a better opportunity for confusion and error. The jury did its duty in accordance with the instructions given and in conformity with the weight of the credible evidence. While the respondent of its own account might properly exercise some liberality in bringing this litigation to an end, yet it is amply justified to stand by the verdict as returned by the jury.

Motion for new trial denied.

For petitioners: Tillinghast & Collins.

For respondent: Oscar L. Heltzen and Benjamin M. McLyman, the Attorney General.